The Hon. James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AHMON RASHARD HOGG JR.,<br><br>Defendant. | NO. CR25-148-JLR<br><br>**COMBINED ORDER OF FORFEITURE AND PRELIMINARY ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for a Combined Order of Forfeiture and Preliminary Order of Forfeiture ("Motion") seeking to forfeit, to the United States, Defendant Ahmon Rashard Hogg Jr.'s interest in the following property (collectively, the "Subject Property"):

a.  a sum of money, also known as a forfeiture money judgment, in the amount of $768,900.00, reflecting proceeds Defendants jointly obtained as a result of the offense;

b.  approximately $209,850.00 in United States currency seized on or about March 10, 2025, from S.C.B. ("Subject Currency 1");

Combined Order of Forfeiture and
Preliminary Order of Forfeiture - 1
*United States v. Hogg Jr.*, CR25-148-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c.  approximately $23,130.00 in United States currency seized on or about July 1, 2025, from AHMON RASHARD HOGG JR. ("Subject Currency 2");

d.  approximately $9,104.00 in United States currency seized on or about July 1, 2025, from S.C.B. ("Subject Currency 3");

e.  approximately $6,865.52 in United States currency seized on or about July 1, 2025, from D.M.H. ("Subject Currency 4"); and

f.  approximately $3,937.00 in United States currency seized on or about July 1, 2025, from L.W. ("Subject Currency 5").

## I.  ORDER OF FORFEITURE

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of an Order of Forfeiture is appropriate for the following reasons:

1.  Property constituting, or traceable to, proceeds of *Attempted Bank Robbery,* in violation of 18 U.S.C. §§ 2113(a) and 2, as charged in Counts 1 and 5 of the Superseding Information; and *Bank Robbery*, in violation of 18 U.S.C. §§ 2113(a) and 2, as charged in Counts 2–4, and 6 of the Superseding Information, are forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c);

2.  In Defendant's Plea Agreement, Defendant Hogg Jr. agreed to forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461, property constituting or traceable to proceeds of the offenses charged in Counts 1–6, to which he pled guilty (Dkt. No. 48 ¶ 16);

3.  The forfeiture of the incorporated money judgment is personal to Defendant Hogg Jr., and, pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(C)(1), no third-party ancillary process is required before forfeiting it.

NOW, THEREFORE, THE COURT ORDERS:

Combined Order of Forfeiture and
Preliminary Order of Forfeiture - 2
*United States v. Hogg Jr.*, CR25-148-JLR

1.    Pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461, and Defendant's Plea Agreement, Defendant Hogg Jr.'s interest in the sum of money in the amount of $768,900.00 is fully and finally forfeited, in its entirety, to the United States;

2.    Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)–(B), this Order will become final as to Defendant Hogg Jr. at the time he is sentenced; it will be made part of the sentence; and it will be included in the judgment;

3.    No right, title, or interest in the identified sum of money exists in any party other than the United States;

4.    Pursuant to Fed. R. Crim. P. 32.2(e), in order to satisfy this Order forfeiting the sum of money, in whole or in part, the United States may move to amend this Order, at any time, to include substitute property having a value not to exceed $768,900.00; and

5.    The Court will retain jurisdiction in this case for the purpose of enforcing this Order, as necessary.

IT IS SO ORDERED.

## II.    PRELIMINARY ORDER OF FORFEITURE

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a Preliminary Order of Forfeiture is appropriate for the following reasons

1.    Subject Currency 1–5 are forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461, as property constituting, or traceable to, proceeds of *Attempted Bank Robbery*, in violation of 18 U.S.C. §§ 2113(a) and 2, as charged in Counts 1 and 5 of the Superseding Information; and *Bank Robbery*, in violation of 18 U.S.C. §§ 2113(a) and 2, as charged in Counts 2-4 and 6 of the Superseding Information. Dkt. No. 43.

2.    In the Plea Agreement he entered on January 21, 2026, Defendant Hogg Jr. agreed to forfeit his interest in Subject Currency 1–5 pursuant to 18 U.S.C.

Combined Order of Forfeiture and
Preliminary Order of Forfeiture - 3
*United States v. Hogg Jr.*, CR25-148-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

§ 981(a)(1)(C), by way of 28 U.S.C. § 2461, as it constitutes, or is traceable to, proceeds of his commission of Counts 1-6, to which he pled guilty. Dkt. No. 48 ¶ 16.

NOW, THEREFORE, THE COURT ORDERS:

1.   Pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461, and his Plea Agreement, Defendant Hogg Jr.'s interest in Subject Currency 1-5 is fully and finally forfeited, in its entirety, to the United States;

2.   Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)–(B), this Preliminary Order will be final as to Defendant Hogg Jr. at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3.   The United States Department of Justice, the Federal Bureau of Investigation (FBI), and/or its authorized agents or representatives shall maintain Subject Currency 1-5 in its custody and control until further order of this Court;

4.   Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of Subject Currency 1–5 as permitted by governing law. The notice shall be posted on an official government website – currently www.forfeiture.gov – for at least thirty (30) days. For any person known to have alleged an interest in Subject Currency 1–5, the United States shall, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in Subject Currency 1–5 must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

a.   shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

b.   shall be signed by the petitioner under penalty of perjury; and,

Combined Order of Forfeiture and
Preliminary Order of Forfeiture - 4
*United States v. Hogg Jr.*, CR25-148-JLR

       c.     shall set forth the nature and extent of the petitioner's right, title, or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5.     If no third-party petition is filed within the allowable time period, the United States shall have clear title to Subject Currency 1–5 and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6.     If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and

///

///

///

Combined Order of Forfeiture and
Preliminary Order of Forfeiture - 5
*United States v. Hogg Jr.*, CR25-148-JLR

7.      The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this __23rd__ day of _____March_____, 2026.

_____
THE HON. JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

Presented by:

_s/ Jehiel I. Baer_
JEHIEL I. BAER
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone: (206) 553-2242
Fax: (206) 553-6934
Jehiel.Baer@usdoj.gov

Combined Order of Forfeiture and
Preliminary Order of Forfeiture - 6
*United States v. Hogg Jr.*, CR25-148-JLR